United States District Court
Southern District of Texas
**ENTERED**
May 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOLT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-01894 |
| | § | |
| ANDREW SAUL, COMMISSIONER | § | |
| OF THE SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Michael Holt ("Holt") seeks judicial review of an administrative decision denying him disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*. Before me, with the consent of the parties, are competing motions for summary judgment filed by Holt and Defendant Andrew Saul, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 13, 17.

### BACKGROUND

Holt filed a claim for social security disability benefits under Title II of the Act, alleging disability as of July 1, 2016. Holt's application was initially denied and denied again upon reconsideration. Subsequently, an ALJ held a hearing and found Holt was not disabled. Holt filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## APPLICABLE LAW

Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance." *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). "Judicial review is to be deferential without being so obsequious as to be meaningless." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

"[A] claimant is disabled only if [he] is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks, citation, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id*. (quotation marks and citation omitted). "Before

reaching step four, the Commissioner assesses the claimant's residual functional capacity ('RFC'). The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland*, 850 F.3d at 754 (internal quotation marks and citations omitted). "The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Id*.

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Holt had not engaged in substantial gainful activity since July 1, 2016.

The ALJ found at step two that Holt had the following severe impairments: degenerative disc disease and status-post laminectomy and discectomy.

At step three, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of step four, the ALJ assessed Holt's RFC, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except that the claimant can frequently climbing [sic] ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop; and frequently balance, kneel, crouch, and crawl.

Dkt. 8-3 at 19. At step four, based on this RFC, the ALJ found that Holt is not capable of performing past relevant work as an aircraft powertrain repairer and a machine gunner because the "demands of the aforementioned jobs exceed the claimant's residual functional capacity." *Id.* at 23.

At step 5, the ALJ considered Holt's RFC, age, education, and work experience in conjunction with the Medical Vocational Guidelines to determine if there was any other work he can do. At the time of the ALJ's hearing, Holt was 31 years old, with a high school education. Based on the relevant factors, the ALJ concluded "a finding of 'not disabled'" was required because there were jobs that existed in significant numbers in the national economy that Holt could still do. *Id*. Accordingly, the ALJ determined that Holt was not disabled under the Act and was not entitled to benefits.

## DISCUSSION

This appeal raises several issues: (1) whether the ALJ erred in determining Holt's mental impairments were not severe; (2) whether the ALJ erred in finding that Holt's impairments failed to satisfy the requirements of medical listing 1.04; (3) whether the ALJ failed to comply with SSR 02-1p in evaluating the effects of Holt's obesity; and (4) whether the ALJ erred in his determination of Holt's credibility. Because I find the issue of Holt's obesity dispositive, I will only address that issue.

### A.  HOLT'S OBESITY

Holt argues that the ALJ erred by failing "entirely to address the claimant's obesity," meaning the ALJ did not consider "whether or not [Holt's obesity] is considered a 'severe' impairment" or what, "if any, affects [the obesity] has on [his] ultimate residual functional capacity." Dkt. 17 at 7. I agree.[1]

Social Security Ruling ("SSR") 02-1p recognizes that "[f]or adults, both men and women, the Clinical Guidelines describe . . . a [body mass index ('BMI')] of 30.0 or above as 'obesity.'" SSR 02-1p, 2002 WL 34686281, at *2.[2] SSR 02-1p expressly acknowledges that obesity can cause limitations of function in sitting, standing, walking, lifting, carrying, pushing, pulling, climbing, stooping, crouching, manipulating, as well as the ability to tolerate extreme heat, humidity, or hazards. *See id*. at *6. In other words, "obesity, though not a listed impairment, can reduce an individual's occupational base for work activity in combination with other ailments." *See McGee v. Astrue*, No. CIV.A. H-10-575, 2011 WL 11048325, at *3 (S.D. Tex. Feb. 25, 2011). Indeed, because obesity can have such a wide range of effects on a claimant, "obesity must be considered at all steps of the sequential evaluation process." *Hernandez v. Astrue*, No. CIV.A. H-10-02793, 2011 WL 11048326, at *6 (S.D. Tex. Aug.

---

[1] Because the Commissioner did not file a response to Holt's motion for summary judgment, I am unable to determine the Commissioner's position on the obesity issue.

[2] "On May 20, 2019, the Social Security Administration published SSR 19-2p, which rescinded and replaced the guidelines for evaluating obesity under SSR 02-1p. . . . Because the Social Security Administration stated that SSR 19-2p applies only to applications filed on or after May 20, 2019, SSR 19-2p lacks retroactive effect and SSR 02-1p applies to [Holt's] claims" filed in January of 2017. *Ramirez v. Comm'r of Soc. Sec.*, No. 5:18-CV-2140, 2019 WL 5802512, at *13 n.8 (N.D. Ohio June 19, 2019) (citing SSR 19-2p, 2019 WL 2374244 and *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)).

30, 2011) (citing SSR 02-1p, 2002 WL 34686281, at *3). *See also Perkins v. Berryhill*, No. 4:18-CV-664-A, 2019 WL 2997082, at *2 (N.D. Tex. June 21, 2019) ("A claimant's obesity must be considered at all steps of the sequential evaluation process."); *Willoughby o/b/o Willoughby v. Comm'r, SSA*, No. 4:18-CV-00150-CAN, 2019 WL 1429663, at *6 (E.D. Tex. Mar. 29, 2019) (same).

The record evidence indicates that during the period in question, Holt had a BMI of around 37.7, which on its face clearly implicates SSR 02-1p. Furthermore, during the hearing before the ALJ, Holt explained how his elevated weight causes more pain, thereby causing him to gain more weight in a negative feedback cycle. *See* Dkt. 8-3 at 55. This sworn testimony suggests that Holt's impairments could have been "exacerbated by obesity." *Hernandez*, 2011 WL 11048326, at *7. Notwithstanding the medical evidence and Holt's testimony, the ALJ failed to even mention Holt's obesity during any of the steps of the sequential evaluation process. The ALJ's failure to do so violated SSR 02-1p.

### B. HARMFUL ERROR

Although the ALJ erred by failing to address Holt's obesity, I must still consider whether the error was harmless. "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *McNeal v. Colvin*, No. 3:11-CV-02612-BH-L, 2013 WL 1285472, at *27 (N.D. Tex. Mar. 28, 2013). In applying this standard, I have no trouble concluding that it is conceivable that the ALJ may have made a different decision if he considered Holt's obesity. As mentioned above, SSR 02-1p requires an ALJ to consider a claimant's obesity at all steps of the sequential evaluation process, meaning the ALJ's failure to do so here introduced error at

each stage of the sequential evaluation process. In my view, it is impossible to predict the exact ramifications of such an error, but it is certainly plausible that the ALJ's ultimate determination may have turned out differently if he considered Holt's obesity. Thus, I find that the ALJ's error was harmful.

Because the ALJ erred in failing to consider Holt's obesity in a manner consistent with SSR 02-1p and the error was harmful, Holt's obesity should be reconsidered on remand in accordance with SSR 02-1p. "To the extent that there was little evidence before the ALJ from health care providers which directly addresses [Holt's] obesity and any limitations resulting therefrom, the ALJ should develop the record on the issue of [Holt's] obesity and how [his] obesity impacted [his] ability to function and work, as outlined in SSR 02-01p." *Johnson v. Astrue*, No. CIVA H-08-3658, 2010 WL 148411, at *18 (S.D. Tex. Jan. 11, 2010).

## CONCLUSION

For the reasons stated above, Plaintiff's Cross Motion for Summary Judgment (Dkt. 17) is **GRANTED**, Defendant's Cross Motion for Summary Judgment (Dkt. 13) is **DENIED**, and this case is **REMANDED** for reconsideration in accordance with this opinion and applicable law.

SIGNED in Houston, Texas, this 19th day of May, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE